# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

CASE NO. 11-3240 (JRT/TNL)

RANDY S. BRINKMAN, CAROL M.
BRINKMAN, DEAN J. WELK, JANET N.
RICE, JAMES L. RICE, GE VANG,
MELINA YANG, SUSAN MARYANN
AMADICK, SUSAN L. GRADY, JACOB
YANG, KANG T. YANG, MONA R.
HOREJSH, STEPHEN HENRY
QUENROE,

        Plaintiffs,

v.

BANK OF AMERICA, N.A.; BAC HOME
LOANS SERVICING, LP; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; MERSCORP, INC.;
WELLS FARGO BANK, N.A.; THE
BANK OF NEW YORK MELLON,
formerly known as The Bank of New York;
PETERSON, FRAM AND BERGMAN,
P.A.,

        Defendants.

**REPORT
&
RECOMMENDATION**

---

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South 6th Street, Suite 4100, Minneapolis, MN 55402, for Plaintiffs;

Thomas M. Hefferon (pro hac vice), **GOODWIN PROCTER LLP**, 901 New York Avenue Northwest, Washington, DC 20001; Alan H. Maclin, Benjamin E. Gurstelle, and Mark G. Schroeder, **BRIGGS & MORGAN, PA**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402, for Defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; Wells Fargo Bank, N.A.; The Bank of New York Mellon; and

Jared M. Goerlitz and Steven H. Bruns, **PETERSON, FRAM & BERGMAN, PA**, 55 East 5th Street, Suite 800, St Paul, MN 55101, for Peterson, Fram and Bergman, P.A.

## I.   INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions: (1) Defendant Peterson, Fram & Bergman, P.A.'s Motion to Dismiss (Docket No. 7); (2) Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., Merscorp, Inc., Wells Fargo Bank, N.A., and The Bank of New York Mellon's Motion to Dismiss the Complaint (Docket No. 12) (*hereinafter* "Foreclosing Defendants' Motion to Dismiss"); (3) Plaintiffs' Motion to Remand (Docket No. 23); (4) Plaintiffs' Motion to Amend (Docket No. 31); and (5) Defendant Peterson, Fram & Bergman's Joinder in Supplemental Briefing Regarding Multiple Pending Motions by Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., Merscorp, Inc., Wells Fargo Bank N.A. and The Bank of New York Mellon F/K/A the Bank of New York (Docket No. 44) (*hereinafter* "Defendant Law Firm's Briefing Motion").

The dispositive motions were referred to the undersigned magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). *See* Order, (D. Minn. Dec. 22, 2011) (Docket No. 19). A hearing was held on the motions on May 31, 2012. William B. Butler appeared on behalf of Plaintiffs. Thomas Heffron appeared on behalf of Foreclosing Defendants. Jared M. Goerlitz appeared on behalf of Peterson, Fram & Bergman, P.A. ("Defendant Law Firm").

Because these motions are interrelated, this Court has addressed them all in this Report and Recommendation. For the reasons set forth herein, **IT IS HEREBY RECOMMENDED** as follows: (1) Defendant Peterson, Fram & Bergman, P.A.'s Motion to Dismiss (Docket No. 7) be **GRANTED**; (2) Foreclosing Defendants' Motion to Dismiss (Docket No. 12) be **GRANTED**; (3) Plaintiffs' Motion to Remand (Docket No. 23) be **DENIED**; (4) Plaintiffs' Motion to Amend (Docket No. 31) be **DENIED**; and (5) Defendant Law Firm's Briefing Motion (Docket No. 44) be **GRANTED**.

## II.    BACKGROUND

### A.    Original Complaint

Plaintiffs—who are all Minnesota residents—allege that they executed promissory notes and mortgages in favor of certain Foreclosing Defendants for the purchase of real property located in the State of Minnesota.[1] It is undisputed that the Foreclosing

---

[1] Plaintiffs specifically allege as follows:  On May 23, 2003, Plaintiffs Randy S. Brinkman and Carol M. Brinkman executed a promissory note in favor of America Wholesale Lender and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS). Compl. at ¶ 1, Oct. 3, 2011 (Docket No. 1).  On June 30, 2003, Plaintiff Dean J. Welk executed a promissory note in favor of America Wholesale Lender and a mortgage in favor of MERS. *Id.* at ¶ 2. On January 10, 2003, Plaintiffs Janet and James Rice executed a promissory note in favor of Bank of America, N.A. and a mortgage in favor of Bank of America, N.A. *Id.* at ¶ 3. On September 20, 2005, Plaintiffs Ge Vang and Melina Yang executed a promissory note in favor of Countrywide Bank, N.A. and a mortgage in favor of MERS. *Id.* at ¶ 4. On February 23, 2006, Plaintiff Susan Maryann Amadick executed a promissory note in favor of Decision One Mortgage Company, LLC and a mortgage in favor of MERS. *Id.* at ¶ 5. On December 13, 2005, Plaintiff Susan L. Grady executed a promissory note in favor of Platinum Lending/Servicing Corporation and a mortgage in favor of MERS. *Id.* at ¶ 6. Plaintiffs Jacob Yang and Kang T. Yang executed a promissory note in favor of First Magnus Financial Corporation and a mortgage in favor of MERS. *Id.* at ¶ 7. On August 25, 2004, Plaintiffs Mona R. Horejsh and Stephen Henry Quenroe executed

Defendants—i.e., Bank of America, N.A.; BAC Home Loan Servicing LP; Mortgage Electronic Registration Systems, Inc. (MERS); MERSCORP, Inc.; Wells Fargo Bank, N.A.; and The Bank of New York Mellon—are neither incorporated nor headquartered in Minnesota; thus, they are diverse from all Plaintiffs for the purposes of diversity of citizenship jurisdiction. Compl. at ¶¶ 9-14, Oct. 3, 2011 (Docket No. 1).  Defendant Law Firm is a Minnesota professional association.  *Id.* at ¶ 16.

The crux of Plaintiffs' Complaint is that Foreclosing Defendants did not have the right to initiate foreclosure proceedings because Foreclosing Defendants do not possess the promissory notes and Foreclosing Defendants are not entitled to enforce the promissory notes.  Compl. at ¶¶ 18-41. Plaintiffs allege that the promissory notes "were securitized and sold . . . into a 'pooling and serving agreement'" and the rights under the promissory notes were sold to third-party purchasers of mortgage-back securities.  Compl. at ¶ 32.  This sort of allegation is

> colloquially termed a "show me the note" claim, in which foreclosures are challenged when the original paperwork evidencing a note and mortgage has been lost due to the widespread practice of reselling and bundling mortgages. A "show me the note" plaintiff . . . alleges a foreclosure is invalid unless the foreclosing entity produces the original note.[2]

---

a promissory note in favor of Countrywide Bank, a Division of Treasury Bank, N.A., and a mortgage in favor of MERS. *Id.* at ¶ 8.

[2] *Compare with* Compl. at ¶ 31 ("Defendants do not have valid, clear title to the Original Notes.  Defendants therefore cannot assert rights to payments on the Original Notes and cannot assert the right to foreclose under the Mortgages.  The Mortgages are security for the Original Notes and Defendants have no direct claim to proceeds due on the Original Notes.  Because Defendants have no direct right to receive payments due on the Original Notes, Defendants cannot exercise foreclosure rights in the Mortgages.")

*Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 978 (8th Cir. 2011). Plaintiffs further allege that, because Foreclosing Defendants did not have a right to foreclosure, Defendant Law Firm wrongfully represented the status of the Foreclosing Defendants' rights in foreclosure by advertisement proceedings. *Id.* at ¶ 16.

Based upon these allegations, Plaintiffs assert 13 separate claims for relief. Plaintiffs assert the following claims against all Defendants: slander of title (IV), conversion (V), civil conspiracy (VII), negligent misrepresentation (X), and equitable estoppel (XII). Plaintiffs assert the following claims against Foreclosing Defendants: quiet title (I), "Defendants are not real parties in interest" (II), "Lack of Legal Standing to Foreclose" (III), unjust enrichment (VI), breach of fiduciary duty (VIII), fraud (IX), and accounting (XIII). Plaintiffs assert a claim of fraud ("XIV [sic]") against Defendant Law Firm.

## B.     Procedural Posture

### 1.     Motion Practice before this Court

Plaintiffs commenced this action in Ramsey County District Court in October 2011. On November 2, 2011, this matter was removed to the United State District Court for the District of Minnesota. Thereafter, Defendant Law Firm filed its Motion to Dismiss, arguing that it was fraudulently joined as a party. Foreclosing Defendants filed their Motion to Dismiss, arguing Plaintiffs' lack standing to bring their claims; the Complaint does not satisfy the requirements of Fed. R. Civ. P. 8; and the Complaint fails to state claims upon which relief can be granted.

Plaintiffs oppose Defendants' motions. *See generally,* Pl.'s Mem. Dec. 19, 2011 (Docket No. 17); Pl.'s Mem. Dec. 22, 2011 (Docket No. 20).   Plaintiffs also filed a Motion to Remand, arguing "the Court does not have subject matter jurisdiction because this is a *quasi in rem* action over which the Ramsey County District Court first acquired jurisdiction."  Pl.'s Mem. at 3, Feb. 27, 2012 (Docket No. 25).  After Defendants' motions to dismiss were fully briefed, Plaintiffs filed a Motion to Amend. The contents of the proposed amended complaint will be discussed later.

Defendants oppose Plaintiffs' motions.   Foreclosing Defendants also moved for Sanctions (Docket No. 54) under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, arguing that the filing and continuing prosecution of a meritless complaint warrants sanctions.   Foreclosing Def.'s Mem. at 2, May 17, 2012 (Docket No. 56). Defendant Law Firm filed Defendant Peterson, Fram & Bergman's Joinder in Motion for Sanctions by Bank Defendants (Docket No. 59).   Plaintiffs oppose the Motion for Sanctions.  These motions will be address in a separate order.

In addition to the motions before this Court, Plaintiffs filed a Motion to Certify Question (Docket No. 50), seeking direction from the Minnesota Supreme Court as to whether an eviction proceeding is *in rem*.  Plaintiffs contend that if the Minnesota Supreme Court holds that a Minnesota eviction proceeding is *in rem*, then this Court lacks jurisdiction to consider the present action under the prior-exclusive-jurisdiction doctrine.  The Motion to Certify Question will be considered by the Honorable John R. Tunheim, United States District Court Judge for the District of Minnesota.  *See* Docket No. 64. The certification motion pertains to Plaintiffs' Motion for Remand because, as will be discussed, Plaintiffs

contend that Minnesota state courts have prior exclusive jurisdiction over at least one property at issue because both the present action and the eviction proceedings are *in rem* (or *quasi in rem*) proceedings.

### 2.    Supplemental Briefing

This is not the only case of this kind brought by Plaintiffs' counsel, William B. Butler, and adjudicated in the United States District Court for the District of Minnesota.[3]  Typically, the fact that an attorney has brought multiple actions of a similar nature is neither surprising nor noteworthy.  Butler's cases, however, are exceptional because they have all followed the same unavailing course:  Butler brings a complaint on behalf of multiple Minnesota plaintiff mortgagors against jurisdictionally diverse foreclosing defendants and a Minnesota law firm. The complaint asserts numerous show-me-the-note claims. The complaint is removed to federal court based upon the fact that the Minnesota law firm defendant was fraudulently joined.  The motion to remand is denied.  The foreclosing defendants' motions to dismiss are granted.

---

[3] The following constitute a sample of the cases filed by Butler: *Butler v. Bank of America, N.A.*, Civil. No. 11-461 (DWF/TNL) (D. Minn. July 13, 2011); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666 (PAM/FLN) (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Services, LLC*, Civil No. 11-2750 (ADM/JJK) (D. Minn. Jan. 12, 2012); *Dunbar v. Wells Fargo Bank, N.A.*, ___ F. Supp. 2d. ___, Civil No. 11-3683 (DSD/FLN), 2012 WL 1110161 (D. Minn. Apr. 3, 2012); *Olson v. Bank of America, N.A.*, Civil No. 11-3710 (PAM/FLN) (D. Minn. Apr. 20, 2012);  *Karnatcheva v. JP Morgan Chase Bank, N.A.*, Civil No. 11-3452 (MJD/SER) (D. Minn. May 11, 2012); *Pope v. Wells Fargo Bank, N.A.*, Civil No. 11-2496 (SRN/FLN) (D. Minn. May 23, 2012); and *Peterson v. Citimortgage, Inc.*, Civil No. 11-2385 (SRN/JJG) (D. Minn. May 30, 2012). This Court is referencing this sample when this Court refers to Butler's cases generally.

Days before the hearing date in this matter, another court in this district ruled against Butler in *Welk v. GMAC Mortgage, LLC*, Civil Case No. 0:11-cv-02676-PJS-JJK, 2012 WL 1035433 (Docket No. 121) (D. Minn. Mar. 29, 2012).  After thoroughly vetting the claims brought by Butler, the *Welk* court denied the motion to remand, granted the foreclosing defendants' motion to dismiss, and levied a significant sanction against Butler.[4]

Plaintiffs concede that the original Complaint before this Court is almost identical to the one at issue in *Welk*.  *See* Pl.'s Supp. Mem. at 3, May 4, 2012 (Docket No. 47). Recognizing the significance of the *Welk* sanction order for Butler and the persuasive relevance of the *Welk* decision, this Court continued the hearing and directed the parties to file supplemental briefs in this matter addressing what effect, if any, the *Welk* decision had on the issues before this Court.

Both parties filed the required supplemental briefs. Defendants argue that this matter is not materially different from any actions brought by Plaintiffs' counsel and should be dispatched accordingly.  Plaintiffs acknowledge that this matter is not materially different from *Welk*, but Plaintiffs contend that the proposed amended complaint changes the character of this action and warrants a different outcome.

---

[4] Since the *Welk* decision, other courts in this district have also sanctioned Butler. *See Dunbar*, 2012 WL 1394666 (D. Minn. Apr. 23, 2012); *Murphy*, 2012 WL 1574122 (D. Minn. May 4, 2012); *Olson*, Civil No. 11-3710 (PAM/FLN) (D. Minn. June 20, 2012).

## III.   DISCUSSION: DEFENDANT LAW FIRM

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).  In the present action, two jurisdictional issues need to be addressed.  First, this Court will consider whether Defendant Law Firm was fraudulently joined.  In considering the fraudulent joinder issue, this Court will first consider whether joinder was fraudulent under the original Complaint and then the Court will consider Plaintiffs' Motion to Amend.[5]  Second, after considering the fraudulent joinder issue, this Court will consider Plaintiffs' Motion for Remand.

---

[5] This Court recognizes that there is conflicting authority for considering a proposed amended complaint filed in opposition to a motion to dismiss for fraudulent joinder.  *See Kongelf v. Sears Holding Corp.*, 2010 WL 1977833, at *9 (D.N.D. Apr. 7, 2010) (recognizing that "cases are divided over whether the court should confine its consideration to the claims set forth in the state-court complaint in resolving a claim of fraudulent joinder, or whether it can also consider new claims alleged in a motion to amend made after removal but before the court has had an opportunity to rule on the claim of fraudulent joinder").  Nevertheless, there is extensive authority that fraudulent joinder is determined *only* on the face of the state court complaint at the time of removal.  *See, e.g., Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) ("Fraudulent joinder exists if, *on the face of plaintiff's state court pleadings*, no cause of action lies against the resident defendant." (Emphasis added.)); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (holding that "[i]n the case of a removed action, diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed").

It is the view of this Court that plaintiffs are held to the standard of review for amending a complaint even if an amended complaint is considered on a motion to remand or a motion to dismiss for fraudulent joinder.  Switching the order of analysis would permit a plaintiff faced with a meritorious fraudulent joinder argument to plead in the amended complaint fewer facts than would be passable under Fed. R. Civ. P. 12(b)(6) and create a colorable claim that compels remand.  Permitting such a practice is nonsensical.  Furthermore, there is analogous support for this conclusion in the case law pertaining to Fed. R. Civ. 19. *Cf. Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009) (stating that under Rule 19, a plaintiff is held to showing that "the new parties are necessary to a full resolution of the case").

For the reasons set forth below, this Court recommends as follows: (1) it be held that joinder of Defendant Law Firm in the original Complaint was fraudulent; (2) Defendant Law Firm's Motion to Dismiss be granted; (3) Plaintiffs' Motion to Amend be denied as it pertains to Defendant Law Firm; and (4) Plaintiffs' Motion for Remand be denied.

### A.    Fraudulent Joinder

After a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship. "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 n.7 (8th Cir. 2011) (stating that "the *Filla* standard remains good law in this circuit"). "However, if there is a colorable cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Fila*, 336 F.3d at 810 (quotation omitted). "In order to establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

### 1.      Defendant Law Firm's Motion to Dismiss (Docket No. 7)

In the original Complaint, Plaintiffs assert a claim of slander of title (IV), conversion (V), civil conspiracy (VII), negligent misrepresentation (X), equitable estoppel (XII), and fraud ("XIV [sic]") against Defendant Law Firm.  Plaintiffs allege that Defendant Law Firm pursued foreclosure by advertisement as agents for the Foreclosing Defendants and misrepresented the Foreclosing Defendants' rights to foreclose in the Notice of Mortgage Foreclosure Sale, Notice of Pendency and Power of Attorney to Foreclose, and Sheriff's Certificate and Foreclosure Record.  *See* Compl. at ¶¶ 43-44, 47, 49-51, and 52-54.

Minnesota Statute section 580.02 states that, for any party to foreclose by advertisement, it is requisite:

> (1) that some default in a condition of such *mortgage* has occurred, by which the power to sell has become operative;

> (2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such *mortgage* . . . ; [and]

> (3) that the *mortgage* has been recorded and, if it has been assigned, that all assignments thereof have been recorded . . . .

(Emphasis added.).   In *Jackson v. Mortgage Electronic Registration Systems, Inc.*, the Minnesota Supreme Court explained that, historically, promissory notes and security instruments (i.e. mortgages) have been treated as two distinct documents that are legally intertwined. 770 N.W.2d 487, 493 (Minn. 2009). The *Jackson* court considered Minn. Stat. § 580.02 and held that "while a promissory note assignment . . . constitute[s] an equitable assignment of the security instrument, a promissory note assignment is not an assignment affecting legal title, and only assignments of legal title of the security instrument must be recorded in order to

commence a foreclosure by advertisement." *Id.* at 501.  Applying *Jackson*, the Eighth Circuit

Court of Appeals held that

> the right to enforce a mortgage [in Minnesota] through
> foreclosure by advertisement lies with the legal, rather than
> equitable, holder of the mortgage. The assignment of the
> promissory note to another "operates as an equitable
> assignment of the underlying [mortgage]," but the right to
> enforce the mortgage remains with the legal holder of the
> mortgage.

*Stein v. Chase Home Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) (quoting *Jackson*, 770

N.W.2d at 497).

Given Minnesota's foreclosure by advertisement statutes, as interpreted in *Jackson* and

*Stein*, there is no basis where Defendant Law Firm might be liable to Plaintiffs for slander of

title, conversion, civil conspiracy, negligent misrepresentation, and equitable estoppel, and

fraud as asserted in the original Complaint.

Plaintiffs' slander of title, equitable estoppel, civil conspiracy, and fraud claims are all

premised upon Plaintiffs' flawed contention that only the holder of the note can foreclose by

advertisement. *See* Compl. at ¶¶ 70-74 (slander of title), 84-88 (civil conspiracy), 115-119

(fraud), 120-123 (equitable estoppel).  For example, Plaintiffs' fraud claim is premised upon

Plaintiffs' allegation that Defendant Law Firm committed fraud by "falsely represent[ing]

that its clients were entitled to enforce promissory notes through foreclosure."  Pl.'s Mem. at

12, Dec. 19, 2011 (Docket No. 17) (citing Compl. at ¶¶ 41-55).  As held by the Minnesota

Supreme Court, the Eighth Circuit Court of Appeals, and every court in this district to

consider these claims, Plaintiffs' theory of liability is without merit.  Furthermore, Minnesota

does not recognize civil conspiracy as an independent tort, *see D.A.B. v. Brown*, 570 N.W.2d

168, 172 (Minn. App. 1997), and Plaintiffs' fraud claim is not pleaded with particularity, as required by Fed. R. Civ. P. 9. *See also* Minn. R. Civ. P. 9.02. Therefore, Plaintiffs have not alleged colorable claims of slander of title, equitable estoppel, civil conspiracy, or fraud against Defendant Law Firm.

Plaintiffs' conversion claim is based on Plaintiffs' allegation that Foreclosing Defendants wrongfully received payments from Plaintiffs on the promissory notes. *See* Compl. ¶ 75-79. Plaintiffs baldly assert that Defendant Law Firm is liable for conversion because it acted as an agent for Foreclosing Defendants. Plaintiffs, however, have made no allegations to support that Defendant Law Firm even so much as opened the envelopes containing the payments to Foreclosing Defendants. Plaintiffs' allegations concerning Defendant Law Firm in no way pertain to Plaintiffs' conversion claim. Therefore, this Court concludes that Plaintiffs have not asserted a colorable claim of conversion against Defendant Law Firm.

Finally, Defendant Law Firm is immune from negligent misrepresentation claims. Generally, "an attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 289 Minn. 35, 40, 182 N.W.2d 437, 440 (1970). There are *dicta* by the Minnesota Supreme Court that attorneys can be liable for "fraudulent or unlawful act[s]." *McDonald v. Stewart*, 289 Minn. 35, 40, 182 N.W.2d 437, 440 (1970); *L & H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 380 (Minn. 1989) (citing *Hoppe v. Klapperich*, 224 Minn. 224, 239, 28 N.W.2d 780, 791 (Minn. 1947)). But, the Minnesota Supreme Court explicitly declined to impose any duty upon attorneys to their client's adversary, which forestalls any

cause of action premised on negligence brought by a client's adversary against the client's attorney. *L & H Airco, Inc.*, 446 N.W.2d at 378-80. Moreover, any claim of fraud must assert "affirmative misrepresentations" or "other active steps to conceal" fraud in order to be actionable. *Id.* at 380. Thus, Plaintiffs have not asserted a colorable negligent misrepresentation claim against Defendant Law Firm.

Plaintiffs originally argued that all of their claims against Defendant Law Firm are valid because *Stein* and *Jackson* do not preclude a challenge to the validity of the mortgage or the power to sell. *See* Pl.'s Mem. at 3, Dec. 19, 2011 (Docket No. 17). Plaintiffs cite *In re Banks*, 457 B.R. 9 (8th Cir. BAP 2011), to support this proposition. *See id.* at 9. Plaintiffs' argument misses the mark. First, Plaintiffs did not plead this theory of liability. Second, "Plaintiffs misconstrue *In re Banks* . . . [, which] addressed a creditor's right to enforce a promissory note endorsed in blank; it did not concern foreclosure by advertisement." *Dunbar*, 2012 WL 1110161, at *6 n.6; *cf. Welk*, 2012 WL 1035433, at * 8 (interpreting *In re Banks* and concluding "it is likely that the court was addressing only the claimant's ability to collect on the note and not the claimant's ability to foreclose on the mortgage"). Finally, this theory of liability is premised on the flawed belief that the power to foreclose is found, defined, and held exclusively in the promissory note, rather than the mortgage. This theory of liability is contradicted by over 100 years of real property law in the State of Minnesota.

Therefore, this Court concludes that jurisdiction is proper because Defendant Law Firm was fraudulently joined in the original Complaint; accordingly, this Court recommends that all claims against Defendant Law Firm within the original Complaint be dismissed with prejudice.

## 2.     Plaintiffs' Motion to Amend (Docket No. 31)

The proposed amended complaint proffers a new styling of the show-me-the-note claim.[6]  Plaintiffs allege that the notes and mortgages *contractually* vest exclusive authority to foreclose in the holders of the notes.  *See Mutua v. Deutsche Bank Nat. Trust Co.*, 11-CV-3761 PJS/AJB, 2012 WL 1517241, at *9 (D. Minn. Apr. 30, 2012) (distinguishing a "show-me-the-note statute claim" and a "show-me-the-note contract claim").  Plaintiffs' allegation consists of three major premises and a conclusion.  First, Plaintiffs cite that a "Note Holder" is defined in each promissory note as "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note." Prop. Amend. Compl. at ¶  29. Second, Plaintiffs cite the following language in the promissory notes:

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

Prop. Amend. Compl. at ¶  29. Finally, Plaintiffs cite language in the mortgages that states, "[i]f the [borrower's] default is not cured on or before the date specified in the notice [of default], Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." Prop. Amend. Compl. at ¶ 30.  Based upon these three quoted passages (or premises), Plaintiffs conclude that the mortgages and notes

---

[6] Plaintiffs argued in their memoranda in opposition to the motions to dismiss that Foreclosing Defendants cannot enforce the mortgages because of the terms of the mortgages and promissory notes.  Pl.'s Mem., at 8-9, Dec. 19, 2011 (Docket No. 17); Pl.'s Mem., at 8-9, Dec. 22, 2011 (Docket No. 20).  This allegation is borne out in the proposed amended complaint, but is not asserted in the original Complaint. *See* Pl.'s Supp. Mem. at 3, May 4, 2012 (Docket No. 47).

at issue must be read together to vest exclusive authority to accelerate and foreclose in the Lender.  Prop. Amend. Compl. at ¶ 31.  Plaintiffs further allege generally that Defendants were not the "Note Holders" because the interests in the notes and mortgages were assigned to third parties. *See* Pl.'s Supp. Mem. at 8, May 4, 2012 (summarizing their amended theory of liability in their supplemental brief to this Court, and explaining that their claims "are based on Defendants' failure to comply with Minn. Stat. § 580.02 . . . and Defendants breach of the mortgage agreement").

Based upon these allegations, Plaintiffs propose to assert four claims: First, Plaintiffs assert a quiet title claim against the Foreclosing Defendants, asserting that the mortgage liens are invalid.  Second, Plaintiffs assert a declaratory judgment claim against the Foreclosing Defendants, seeking an order holding that the assignments of the rights under the notes and mortgages violated the terms of the trust agreements under which the rights to the notes and mortgages were assigned.   Third, Plaintiffs assert a second declaratory judgment claim against Foreclosing Defendants, holding that only the "Note Holder" can declare a default. Finally, Plaintiffs propose to assert a slander-of-title claim against all Defendants. *See id.* at ¶¶ 61-66.

"There is no absolute right to amend."  *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).  "Permission to file a first amended complaint 'shall be freely given when justice so requires.'"  *U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) (quoting Fed. R. Civ. P. 15(a)).  But, the district court should deny a motion to amend "in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be

demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 524, 178 L. Ed. 2d 373 (U.S. 2010). This is the standard of review articulated by Plaintiffs in their brief in support of their Motion to Amend. *See* Pl.'s Mem. 2, Mar. 2, 2012 (Docket No. 33).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. When considering a motion under Fed. R. Civ. P. 12(b)(6), "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotations omitted).

Amidst the allegations outlined above, Plaintiffs allege that, "[u]pon information and belief, the chain of title to Plaintiffs' Mortgages is broken and Defendants have no[] right, title, or interest in Plaintiffs' property."  Prop. Amend. Compl. at ¶ 27 (Docket No. 31-5). This is the only allegation pertaining to the slander-of-title claim.  Based upon this allegation, Plaintiffs assert their slander-of-title claim as follows:  (1) Defendant Law Firm "publicly recorded mortgage deeds in the name of a nominee, which did not have legal title to either the Original Notes or the Mortgages," *id.* at ¶ 62; (2) Defendant Law Firm "maliciously published Notices of Foreclosure, Notices of Pendency and Sheriff's Sale Certificates regarding the Plaintiffs' properties, purporting that Defendants were holders in due course of Plaintiffs' Original Notes, and falsely indicating that Defendants are entitled to enforce Plaintiffs' Mortgages and foreclose and take possession of Plaintiffs' homes," *id.* at ¶ 63 ; (3) Defendant Law Firm "knew or should have known that the statements contained in the publications were false," *id.* at ¶ 64; (4) Defendant Law Firm prepared and recorded documents against Plaintiffs' properties, without verifying certain information, *id.* at ¶ 65; and (5) Plaintiffs suffered special damages, including but not limited "to payment on non-negotiable Original notes." *Id.* at ¶ 66.

Plaintiffs' proposed slander-of-title claim is futile.

The elements required for a slander of title claim are:

> (1) That there was a false statement concerning the real property owned by the plaintiff;

> (2) That the false statement was published to others;

> (3) That the false statement was published maliciously; [and]

> (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

*Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). "The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title." *Id.* at 280. First, to the extent that this claim is premised on the mortgage liens being invalid because the Foreclosing Defendants did not hold the notes, such a claim has no merit for the reasons set forth above. *See Karnatcheva*, 2012 WL 1657531, at *5-6. Second, Plaintiffs' assertion that "the chain of title was broken" is a naked assertion, devoid of factual support. Plaintiffs have failed to allege any facts to support that any filed instrument was inoperative. Third, Plaintiffs' special damages, which purport to include "payment on non-negotiable Original notes," bear no relation to any element of Plaintiffs' slander-of-title claim. *Cf. Quevli Farms of Lakefield v. Union Sav. Bank & Trust Co. of Davenport, Iowa*, 178 Minn. 27, 30, 226 N.W. 191, 192 (1929) (stating "special damages are the gist of the [slander of title] action and without them the action cannot be maintained"); *Hayward Farms Co. v. Union Sav. Bank & Trust Co.*, 194 Minn. 473, 475, 260 N.W. 868, 869 (1935) (stating that special damages must be "properly alleged"). Finally, Plaintiffs' allegation that recording a mortgage in the name of the nominee slanders a title is forestalled by the Minnesota Supreme Court's holding in *Jackson*.

Defendant Law Firm argues that Plaintiffs cannot assert a slander-of-title claim against it because Defendant Law Firm relied upon foreclosure related documents provided by the Foreclosing Defendant, which in turn constitute *prima facie* evidence that the documents were executed and delivered with proper authority under Minn. Stat. § 358.50.

*See* Def.'s Mem. at 8, Mar. 26, 2012 (Docket No. 40).  Defendant Law Firm's argument goes to Plaintiffs' contention that Defendant Law Firm failed to verify certain facts, but verification is not an element of a slander-of-title claim.

Defendants also argue that Plaintiffs' Motion to Amend evinces bad faith and should be denied accordingly.  This Court agrees.  Plaintiffs grossly mischaracterize the nature of their proposed amendments.  Plaintiffs contend that their motion to amend "seek[s] to remove all unnecessary and duplicative claims and fully plead relevant facts regarding the remaining claims." Pl.'s Mem. at 1, Mar. 2, 2012 (Docket No. 33).  But, their proposed amended complaint purports to assert a new theory of liability.  Plaintiffs concede as much when they liken the original Complaint to the one in *Welk* and distinguish the same from the proposed amended complaint, which Plaintiffs liken to the amended Complaint in *Mutua*, 2012 WL 1517241 (D. Minn. Apr. 30, 2012). Pl.'s Mem. at 2-3, Mar. 2, 2012.  This mischaracterization might be overlooked but for the fact that Plaintiffs state that they "do not waive any of the arguments presented in their Response to Defendants' motions to dismiss," *id.* at 1, at the same time they contend that their motion to amend is for the purpose of "comply[ing] with the holdings in *Jackson* and *Stein*." *Id.* at 3.  These assertions are nattering doublespeak.  Moreover, the latter statement lacks all credulity because <u>Butler represented the Plaintiffs in *Stein*</u>. Therefore, Plaintiffs cannot credibly assert that they could not plead an action that comports with *Stein* until after the *Welk* decision and after Defendants moved to dismiss. *Dunbar*, 2012 WL 1110161, at *4 (denying a motion to amend brought by Butler for bad faith where Butler asserted that the amendment was based upon *Stein* and it was "new precedent").

Therefore, for the reasons set forth above, this Court recommends that Plaintiffs' Motion to Amend be denied as it pertains to Defendant Law Firm.

### B.      Plaintiffs' Motion to Remand (Docket No. 23)

Plaintiffs contend that remand is mandated under the prior-exclusive-jurisdiction doctrine because (1) the action commenced by Plaintiffs is a "*quasi in rem* action over which the Ramsey County District Court first acquired jurisdiction," Pl.'s Mem. at 3, Feb. 7, 2012 (Docket No. 25); (2) there is an eviction action against two of the Plaintiffs, Pl.'s Mem. at 6, Feb. 7, 2012; and (3) there are Torrens properties at issue in this action. Pl.'s Reply, at 8, Mar. 6, 2012 (Docket No. 35).  Foreclosing Defendants oppose the motion, arguing that the prior-exclusive-jurisdiction doctrine is inapplicable.  For the reasons set forth below, this Court recommends that the motion for remand be denied.

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.'" *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311, 126 S. Ct. 1735 (2006)); *see also Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195, 55 S. Ct. 386, 389 (1935) (holding that "if the two suits are *in rem* or *quasi in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other").  The prior-exclusive-jurisdiction doctrine is premised on the fact that "[t]he possession of the *res* vests the court which has first acquired jurisdiction *with the power to hear and determine all controversies relating thereto*, and for the time

being disables other courts of co-ordinate jurisdiction from exercising a *like* power." *Farmers'*

*Loan & Trust Co. v. Lake St. Elevated R. Co.*, 177 U.S. 51, 61, 20 S. Ct. 564, 568 (1900)

(emphasis added). "This rule is essential to the orderly administration of justice, and to

prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects

and persons." *Merritt v. Am. Steel-Barge Co.*, 79 F. 228, 231 (8th Cir. 1897).

The prior-exclusive-jurisdiction doctrine is inapplicable here.  First, there are not

*concurrent* proceedings as anticipated by the prior-exclusive-jurisdiction doctrine. There is just

one proceeding that began in state court and was removed to federal court. *See Dunbar*, ___

F. Supp. 2d. ___, ___, 2012 WL 1110161 *3-4, *as amended* (Apr. 12, 2012) (holding that the

prior-exclusive-jurisdiction doctrine is inapplicable where only "a single action exists in

federal court following removal").  Plaintiffs seem to contend that there are, in fact,

concurrent proceedings because this action was commenced in state court, which would be

the first proceeding, and was removed to federal court, which would be the second

proceeding. This argument is without merit. *Welk*, 2012 WL 1035433, at *33-35 (rejecting

argument that there are concurrent proceedings barring removal).

Second, this Court has been presented with no authority to support that the state

courts in any way retained jurisdiction over the properties at issue.  *Compare with Matter of*

*Trust Created by Hill on Dec. 31, 1917 for Ben. of Schroll*, 728 F. Supp. 564, 567 (D. Minn. 1990).

Contrary to Plaintiffs contention, the fact that state courts have "jurisdiction,"—i.e., the

"power to exercise authority over all persons and things within its territory"—does not mean

that the state courts have *retained* jurisdiction over the properties relevant to this litigation. *See*

BLACK'S LAW DICTIONARY 927 (9th ed. 2009).

Third, regardless of whether an eviction action under Minnesota law is *in rem*, *quasi in rem*, or *in personam*, the eviction action against Plaintiffs Yang in Ramsey County District Court[7] is neither a concurrent action in state court nor amounts to retained jurisdiction over the *res* for the purposes of the prior-exclusive-jurisdiction doctrine.

The governing statutory chapter for an eviction, or unlawful detainer, action is Minn. Stat. ch. 504B.  *See Univ. Cmty. Properties, Inc. v. Norton*, 311 Minn. 18, 21, 246 N.W.2d 858, 860 (1976) (citing Minn. Stat. ch. 566, successor to Minn. Stat. ch. 504B).  Under Minnesota law, an eviction action is "a *summary* court proceeding to remove a[n] . . . occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (emphasis added). Thus, the long held rule in Minnesota is that an eviction action is limited to adjudication of "present possession" only. *Keller v. Henvit*, 219 Minn. 580, 585, 18 N.W.2d 544, 547 (1945).   Counterclaims and equitable defenses are raised directly in a separate proceeding.[8]  *Id.*; *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46

---

[7] *See Federal Home Loan Mortgage Corp. v. Yang*, Court File No. 62-HG-CV-11-2822 (Ramsey County, Minn. Sept. 23, 2011).   The record includes documents related to this foreclosure proceeding. *See, e.g.* Aff. Schroeder, at Ex. C, Apr. 20, 2012 (Docket No. 43-3).

[8] There are some *dicta* suggesting that Minnesota state district courts *could* decide title issues within the context of eviction proceedings. *See Lilyerd v. Carlson*, 499 N.W.2d 803, 812 (Minn. 1993) (stating "[w]hile an unlawful detainer action is generally summary in nature, determines only present possessory rights, and usually does not bar subsequent actions involving title or equitable rights of the parties, the counterclaim here could have been tried to a jury" (citations omitted)); *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001) (noting, in eviction proceeding, that "the Minnesota Supreme Court has suggested in *dicta* that, even though [unlawful-detainer] proceedings are usually summary in nature, a counterclaim involving title should have been heard in an eviction proceeding to avoid the problems that later arose in a separate title action" (citing *Lilyerd*)).   Nevertheless, this *dicta*, even if controlling, is inapplicable to the present action because Plaintiffs Yang never asked the eviction court to adjudicate their claims against Defendants.

(Minn. App. 2001).   Once a separate proceeding is commenced, the eviction court has discretion to stay the eviction proceedings.  *See Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 318-19 (Minn. App. 2008) (holding that when a separate proceeding is initiated and "when the counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion [for the court considering the eviction action] not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending"), *rev. denied* (Minn. Sept. 23, 2008); *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 193 (Minn. App. 2011) (noting that the eviction court must be provided "a case-specific reason why a stay [is] necessary").

The commencement of a state eviction action against Plaintiffs Yang is not a concurrent proceeding under the prior-exclusive-jurisdiction doctrine because the claims in the instant Complaint and the issue of present possession in the eviction action do not arise out of "like" jurisdiction.  *Farmers' Loan & Trust Co.*, 177 U.S. at 61, 20 S. Ct. at 568.  A state eviction court does not *require* jurisdiction "to hear and determine all controversies relating" to the property, which is a condition precedent to the application of the prior-exclusive-jurisdiction doctrine.  *Id.* at 61, 20 S. Ct. at 568.  Thus, the commencement of an eviction action does not preclude an "alternate civil action," such as the one before this Court. *Bjorklund*, 753 N.W.2d at 318-19. Just the contrary is true.  The eviction statutory chapter expressly anticipates alternate civil actions, such as the present action.

Finally, the fact that three of the properties at issue in present case are Torrens properties does not support the proposition that the state courts retained jurisdiction. "Torrens refers to a real estate titling system under which ownership is initially established

by registering for a certificate of title through court proceedings," in contrast to the abstract system. *United Fire & Cas. Co. v. Fid. Title Ins. Co.*, 258 F.3d 714, 716 (8th Cir. 2001). Plaintiffs contend that Minn. Stat. § 508.10 dictates that Minnesota state courts have exclusive, continuing jurisdiction over Torrens property.   Minn. Stat. § 508.10 states in relevant part as follows:

> *An application for registration* shall be addressed to the district court in and for the county wherein the land described therein is situated. The district court shall have original exclusive jurisdiction thereof, and of all proceedings thereunder, and full power to inquire into the title of the land, and any right, title, interest, or estate therein, and any lien, charge, or encumbrance thereon.

(Emphasis added.)   Plaintiffs' argument ignores the fact that the present action does not come under Minn. Stat. § 508.10 and Plaintiffs' expansive reading of Minn. Stat. § 508.10 is forestalled by Minn. Stat. § 508.02. As the Honorable Paul A. Magnuson, United States District Court Judge for the District of Minnesota, concluded in *Olson v. Bank of America, N.A.*, Civil No. 11-3710 (PAM/FLN), Mem. & Order, at 6 (Docket No. 33) (D. Minn. Apr. 19, 2012), "[t]his argument is wholly without merit and deserves no discussion."

For the first time, in their supplemental brief, Plaintiffs identified a Torrens proceeding: *In re Certificate of Title No. 566452*, Case No. 62-CV-11-3023 (Ramsey County Minn. Apr. 12, 2011).   *See* Pl.'s Supp. Mem. at 7; *see also* Aff. Butler, at Ex. 4-5 (Docket Nos. 49-6, 49-7). This Torrens proceeding was commenced on April 12, 2011, prior to the commencement of the present litigation.   Nevertheless, this Torrens proceeding was stayed on November 3, 2011, pending completion of the present litigation.   Therefore, for the

reasons set forth above, this Torrens proceeding neither implicates the prior-exclusive-jurisdiction doctrine nor otherwise warrants remanding this matter.

## IV.    DISCUSSION: FORECLOSING DEFENDANTS

### A.    Foreclosing Defendants' Motion to Dismiss (Docket No. 12)

This Court need only briefly consider Foreclosing Defendants' arguments on the following claims: quiet title (I), "Defendants are not real parties in interest" (II), "Lack of Legal Standing to Foreclose" (III), slander of title (IV), conversion (V), unjust enrichment (VI), civil conspiracy (VII), breach of fiduciary duty (VIII), fraud (IX), negligent misrepresentation (X), equitable estoppel (XII), and accounting (XIII).  For the reasons set forth herein, this Court recommends that Foreclosing Defendants' Motion to Dismiss be granted and all claims against Foreclosing Defendants be dismissed with prejudice.

Most of Plaintiffs' claims are show-me-the-note claims or claims premised on the show-me-the-note theory of foreclosure law.   Specifically, Plaintiffs' quiet title (I), "Defendants are not real parties in interest" (II), "Lack of Legal Standing to Foreclose" (III), slander of title (IV), civil conspiracy (VII), equitable estoppel (XII), and misrepresentation (IX and X) claims are premised upon this flawed theory and must be dismissed accordingly. Moreover, as stated above, civil conspiracy is not an independent tort, *see D.A.B.*, 570 N.W.2d at 172, and Plaintiffs' misrepresentation claims are not pleaded with particularity, as required by Fed. R. Civ. P. 9.

In addition, Plaintiffs lack standing to maintain these claims.   Although Plaintiffs have alleged that foreclosure proceedings were initiated, Plaintiffs lack standing to assert

their "Defendants are not real parties in interest" (II), "Lack of Legal Standing to Foreclose" (III), slander of title (IV), civil conspiracy (VII), equitable estoppel (XII), and misrepresentation (IX and X) claims.   Pursuant to Article III of the United States Constitution, "judicial power exists only to redress or otherwise to protect against injury to the complaining party . . . . A federal court's jurisdiction therefore can be invoked only when the plaintiff . . . has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"  *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 1148 (1973)).   Plaintiffs' *injury* is contingent upon the foreclosure by advertisement proceedings being illegal.[9]   Plaintiffs' allegations, however, do not allege any injury under Minn. Stat. § 580.02:  Plaintiffs have made no allegations that a default in a condition of the mortgage has or has not occurred. Plaintiffs have made no allegations that a collateral proceeding to recover the debt has or has not been instituted.  Plaintiffs have made no allegations that the mortgage and assignments have not been recorded.   Plaintiffs have not even alleged the status of the foreclosure proceedings.  *See Tully v. Bank of Am., N.A.*, CIV. 10-4734 DWF/JSM, 2011 WL 1882665, *5 (D. Minn. May 17, 2011) (holding that plaintiffs lacked standing where "[the plaintiffs] d[id] not allege when the Notices of Foreclosure were published or when the alleged foreclosure sales are scheduled to occur. Nor d[id] [the plaintiffs] allege facts with respect to whether any of the mortgages have already been foreclosed upon and, if so, whether the redemption

---

[9] This recommended conclusion should not be read to suggest that no plaintiff would ever have standing to challenge foreclosure. *See, e.g., Stein v. Chase Bank USA, N.A.*, 10-CV-0203 PJS/JSM, 2011 WL 882088 (D. Minn. Mar. 11, 2011) (discussing direct attacks on foreclosure sales).

period has expired"). Therefore, Plaintiffs have not alleged an injury because Minn. Stat. § 580.02 does not require possession of the note to foreclose by advertisement. Plaintiffs have only alleged the show-me-the-note theory of liability for these claims.

Plaintiffs' conversion (V) and unjust enrichment (VI) claims are premised on Plaintiffs' allegation that *all* Foreclosing Defendants wrongfully accepted monthly payments from *all* Plaintiffs. This is simply not the case and this form of pleading is plainly improper under Fed. R. Civ. P. 8. *Welk*, 2012 WL 1035433, at *11.

Plaintiffs' breach of fiduciary duty (VIII) and accounting (XIII) claims also fail. Plaintiffs have neither alleged nor argued that "special circumstance exist[s]" to overcome the general principle that "that when a bank transacts business with a depositor or other customer, it has no special duty to . . . the customer." *See Klein v. First Edina Nat. Bank*, 293 Minn. 418, 422, 196 N.W.2d 619, 623 (1972). Plaintiffs have asserted no legal authority to support their accounting claim.

### B.    Plaintiffs' Motion to Amend (Docket No. 31)

Plaintiffs' Motion to Amend also pertains to Foreclosing Defendants. The proposed allegations and claims against the Foreclosing Defendants are summarized earlier in this Report and Recommendation. *See supra* § II.A.2. For the reasons set forth below, this Court recommends that Plaintiffs' Motion to Amend be denied as to Foreclosing Defendants because Plaintiffs' claims are futile and Plaintiffs' motion is brought in bad faith.

As a general matter, Plaintiffs' motion can be denied outright for bad faith for the reasons set forth above. *See supra* § II.A.2. Moreover, to the extent that any of these claims are premised on the mortgage liens being invalid because the Foreclosing Defendants did

not hold the notes, for the reasons set forth above, such claims have no merit. *See Karnatcheva*, 2012 WL 1657531, at *5-6.

Turning to the specific claims against the Foreclosing Defendants, this Court concludes that Plaintiffs propose to assert four futile claims against Foreclosing Defendants. As explained earlier, Plaintiffs proposed slander-of-title claim is futile because Plaintiffs have failed to allege any facts to support how title was broken or what false statements were made. Further, Plaintiffs lack standing to assert their first declaratory judgment claim that the assignments of the rights under the notes and mortgages violate the terms of the trust agreements "because they are not parties or third-party beneficiaries to such agreements." *Karnatcheva*, 2012 WL 1657531, at *6. Moreover, Plaintiffs allege no facts to support their first declaratory judgment claim.

For the purposes of Plaintiffs' quiet title claim, Plaintiffs have failed to plead any facts to support that the mortgage or any assignment of the mortgage was not properly recorded. Thus, Plaintiffs have alleged no objectively reasonable basis for asserting that Foreclosing Defendants' mortgages are invalid. Likewise, for the purposes of Plaintiffs' second declaratory judgment claim, Plaintiffs alleged no facts to support that the wrong party accelerated the balances on their notes. Moreover, Plaintiffs' general allegations that *all* Foreclosing Defendants clouded the title of *all* Plaintiffs' properties and *all* Foreclosing Defendants were parties to the acceleration of *all* Plaintiffs' notes are inaccurate and improper pleading under Fed. R. Civ. P. 8.

Plaintiffs make three contentions within their supplemental brief that warrant some address. First, Plaintiffs seem to argue that the assignment of rights pursuant to the trust

agreements, or pooling and serving agreements, support that assignments were not recorded. *See* Pl.'s Supp. Mem. at 4-6.   Neither Plaintiffs' submissions nor allegations in the original Complaint or proposed amended complaint support that the assignments cited by Plaintiffs were of the type that needed to be recorded under Minnesota law.

Second, Plaintiffs cite *Geweke v. U.S. Bank et al.*, No. 09–1890, 2011 WL 4538088 (D. Minn. Sep. 29, 2011), for the proposition that mortgage assignments must be recorded before the mortgagee can proceed under Minn. Stat. § 580.02.  Pl.'s Supp. Mem. at 8.  While *Geweke* stands for that uncontroversial proposition, *Geweke* does not serve Plaintiffs' case.   In contrast to the present case, *Geweke* did not involve mortgages, for the most part, originally executed in favor of MERS as nominal mortgagee.   Moreover, the plaintiffs in *Geweke* provided a factual basis for such a claim.  *Id.* at *4.  There was evidence that the assignments in *Geweke* were of the type that needed to be recorded under Minnesota law.  Here, Plaintiffs have neither provided evidence nor alleged facts to support the claim that the mortgages were not properly recorded.

Finally, Plaintiffs cite *Mutua* for the proposition that the claims in the proposed amended complaint are not precluded by *Jackson* and *Stein*.  Pl.'s Supp. Mem. at 2-3.  The *Mutua* court stated, in a footnote, that the contractual show-me-the-note theory is distinguishable from the statutory show-me-the-note theory rejected by *Jackson* and *Stein*. *Mutua*, 2012 WL 1517241, at * 4 n.5.  But, the *Mutua* court only addressed whether the plaintiffs had asserted a colorable slander-of-title claim against the defendant law firm for the purposes of fraudulent joinder.  *Mutua*, 2012 WL 1517241 ("The Court emphasizes that its holding is very narrow" and "[n]either the Court's decision to remand this case—nor any

comments made by the Court at the hearing—are intended to suggest that Butler's 'contractual' show-me-the-note claims have more merit than his 'public-law' show-me-the-note claims"). The scope of the *Mutua* court's inquiry did not extend to adjudicating the merits of the contractual show-me-the-note claim.  Therefore, the *Mutua* decision has no bearing on the present action.

Thus, for all these reasons, this Court recommends that Plaintiffs' motion to amend be denied.


## V.    DEFENDANT LAW FIRM'S BRIEFING MOTION (Docket No. 44)

This Court recommends that Defendant Law Firm's Briefing Motion (Docket No. 44) be granted.  Defendant Law Firm moves to join the briefing by Foreclosing Defendants. There has been no objection to Defendant Law Firm's motion. Moreover, there is good cause to permit Defendant Law Firm to join the briefing by Foreclosing Defendants because Defendant Law Firm shares a common interest with Foreclosing Defendants, and permitting Defendant Law Firm to join the briefing spares the parties and the Court the burden of reviewing and responding to duplicative motion papers.

[Continued on next page.]

## VI.    RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant Peterson, Fram & Bergman, P.A.'s Motion to Dismiss (Docket No. 7) be **GRANTED**, and all claims against them be **DISMISSED WITH PREJUDICE**;

2.  Foreclosing Defendants' Motion to Dismiss (Docket No. 12) be **GRANTED**, and all claims against them be **DISMISSED WITH PREJUDICE**;

3.  Plaintiffs' Motion to Remand (Docket No. 23) be **DENIED**;

4.  Plaintiffs' Motion to Amend (Docket No. 31) be **DENIED**; and

5.  Defendant Law Firm's Briefing Motion (Docket No. 44) be **GRANTED**.


Dated:        July 3, 2012

_____
*s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court **July 18, 2012**.