# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

RANDY S. BRINKMAN,
CAROL M. BRINKMAN, DEAN J. WELK,
JANET N. RICE, JAMES L. RICE,
GE VANG, MELINA YANG,
SUSAN MARYANN AMADICK,
SUSAN L. GRADY, JACOB YANG,
KANG T. YANG, MONA R. HOREJSH, and
STEPHEN HENRY QUENROE,

                        Plaintiffs,

v.

BANK OF AMERICA, N.A.; BAC HOME
LOANS SERVICING, LP; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; MERSCORP, INC.; WELLS FARGO
BANK, N.A.; THE BANK OF NEW YORK
MELLON, formerly known as The Bank of
New York; and PETERSON, FRAM &
BERGMAN, P.A.,

                        Defendants.

Civil No. 11-3240 (JRT/TNL)

**MEMORANDUM OPINION
AND ORDER**

---

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for plaintiffs.

Alan H. Maclin, Benjamin E. Gurstelle, and Mark G. Schroeder, **BRIGGS & MORGAN, P.A.**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402 and Thomas M. Hefferon, **GOODWIN PROCTER LLP**, 901 New York Avenue NW, Washington, DC 20001 for defendants Bank of America, N.A.; BAC Home Loan Servicing, LP; Mortgage Electronic Registration Systems, Inc; MERSCORP, Inc; Wells Fargo Bank, N.A., and the Bank of New York Mellon.

Jared M. Goerlitz and Steven H. Bruns, **PETERSON, FRAM AND BERGMAN, P.A.**, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, for Defendant Peterson, Fram & Bergman, P.A.

This case is one of a series of nearly thirty cases filed in this district where the plaintiffs are represented by William B. Butler – in each, the plaintiffs challenge the validity of their mortgages in an attempt to prevent foreclosure.[1]  The matter is before the Court on Plaintiffs' motion to remand, Plaintiffs' motion to amend their Complaint, and motions to dismiss brought by Defendants Bank of America, N.A.; Bac Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; Wells Fargo Bank, N.A.; The Bank Of New York Mellon (collectively "Foreclosing Defendants"); and Peterson, Fram & Bergman, P.A ("Peterson").   On July 3, 2012, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiffs' motions to amend and to remand, and grant the Defendants' motions to dismiss.[2]  (Docket No. 68)  Plaintiffs made timely objections to the R&R.  Having conducted a *de novo* review of those portions of the R&R to which Plaintiffs object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules the plaintiffs'

---

[1] *See Dunbar v. Wells Fargo Bank, N.A.*, No. 11-3683, 2012 WL 1394666, at *1 n.2 (D. Minn. Apr. 23, 2012) (listing the cases and their status as of April 2012).

[2] The R&R also recommended that Peterson's motion to join Defendant's Brief (Docket No. 44) be granted.  No objection to this recommendation has been made, and the Court will grant the motion.  Peterson's other motions to join (Docket Nos. 67 and 72) will also be granted as unopposed.

objections and adopts in part the report[3] and adopts in full the recommendation of the R&R.

Also before the Court is Plaintiffs' motion to certify to the Minnesota Supreme Court the question of whether an eviction proceeding is *in rem* under Minnesota law. Because an eviction proceeding under Minnesota law is *in personam*, Plaintiffs' motion to certify question will be denied.

## BACKGROUND[4]

Plaintiffs[5] brought this action in Ramsey County District Court on October 3, 2011. Plaintiffs allege that "Defendants assert invalid and voidable Mortgages" against them. (Compl. ¶ 18, Oct. 3, 2011, Docket No. 1.)  Plaintiffs claim that Peterson is "Defendants' agent for purposes of enforcing falsely declared defaults . . . ." (*Id.* ¶ 16.)  Plaintiffs originally brought thirteen claims for relief.[6]  Defendants removed the case to this Court on

---

[3] The Court holds that the prior exclusive jurisdiction doctrine does not apply for different reasons than the R&R; in all other respects, the analysis of the R&R is adopted.

[4] For a more complete recitation of the facts, see the R&R at 3-8.

[5] Each plaintiff is a Minnesota resident.  The Court also notes that several of the plaintiffs in this action are also plaintiffs in other similar actions in this district (with the same or identical claims), and they are represented by the same attorney.  For example, Dean Welk is also a plaintiff in *Cartier v. Wells Fargo Bank*, No. 11-2168 (D. Minn.), *Larsen v. Bank of America, N.A.*, No. 11-1775 (D. Minn.), and *Robinson v. Bank of America, N.A.*, No. 11-2285 (D. Minn.). As Judge Schiltz has observed, splitting a plaintiff's claims in this fashion is abusive of the judicial system and violative of the Minnesota Rules of Professional Conduct.  *See Welk v. GMAC Mortg., LLC*, No. 11-2676, 2012 WL 1035433, at *20 (D. Minn. Mar. 29, 2012).

[6] Plaintiffs brought claims for fraud, slander of title, conversion, civil conspiracy, negligent misrepresentation, and equitable estoppel against all Defendants.  Against the Foreclosing Defendants, Plaintiffs asserted claims of quiet title, "Defendants Are Not Real

(Footnote continued on next page.)

November 2, 2011, and Peterson and the Foreclosing Defendants separately moved to dismiss.  After Defendants filed their motions, Plaintiffs filed a motion to remand (Docket No. 23) and a motion to amend their Complaint (Docket No. 31).  Plaintiffs seek to replace all of the previously pled claims with a quiet title claim and declaratory judgment claims against Foreclosing Defendants and a slander-of-tile claim against all Defendants.  (*See* Proposed Amended Complaint, Mar. 2, 2012, Docket No. 31.)

Shortly before the hearing date in this matter, another court in this district issued its order in another case in which Butler represented the plaintiffs, *Welk v. GMAC Mortg., LLC*, No. 11-2676, 2012 WL 1035433 (D. Minn. Mar. 29, 2012), and it dismissed the bulk of the plaintiffs' claims.  When directed by the Court to file supplemental briefing addressing the effect of *Welk*, Plaintiffs conceded that their original Complaint is almost identical to the one at issue in *Welk*.  (*See* Pl.'s Supp. Mem. at 3, May 4, 2012, Docket No. 47.)

Plaintiffs object to the R&R's conclusion that this Court has subject matter jurisdiction because, they maintain, the Minnesota state courts had jurisdiction over the *res* of at least one plaintiff's property as the result of a pending eviction action.  Plaintiffs also move to certify the question of whether an eviction action is *in rem*, arguing that if an eviction action is *in rem*, this Court would lack jurisdiction under prior exclusive jurisdiction doctrine.  Plaintiffs further object to this Court's exercise of jurisdiction

_____

(Footnote continued.)

Parties in Interest," "Defendants Do Not Have Legal Standing to Foreclose Mortgages," unjust enrichment, breach of fiduciary duty, and accounting.

because they claim the R&R incorrectly concluded that Peterson was fraudulently joined (and therefore Plaintiffs' remand motion should be denied and Peterson's motion to dismiss granted).  Finally, Plaintiffs object to the R&R's recommendation to grant the Foreclosing Defendants' motion to dismiss because Plaintiffs claim the R&R erred in its determination that their amended claims are based on a show-me-the-note theory.[7]

## ANALYSIS

### I.    SUBJECT MATTER JURISDICTION

#### A.    Prior Exclusive Jurisdiction

The Plaintiffs argue that this Court lacks jurisdiction because of the doctrine of prior exclusive jurisdiction.  Under the doctrine of prior exclusive jurisdiction, "when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res.*"  *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).  This Court joins the other courts in this district that have held a state eviction action in Minnesota to be an *in personam* action.  *Blaylock v. Wells Fargo Bank, N.A.*, No. 12-693, 2012 WL 2529197, at *7 (D. Minn. June 29, 2012); *Pope v. Wells Fargo Bank, N.A.*, No. 11-2496, 2012 WL 1886493, *5 (D. Minn. May 23, 2012); *Olson v. Bank of Am.,*

---

[7] This show-me-the-note argument is, in short, that a mortgage is not valid (and cannot be foreclosed upon) unless the mortgagee holds the note secured by the mortgage.  The argument has been addressed and rejected by the Minnesota Supreme Court, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 489-90 (Minn. 2009), and the United States Court of Appeals for the Eighth Circuit, *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979-81 (8th Cir. 2011).

*N.A.*, No. 11-3710, 2012 WL 1660615, *3 (D. Minn. Apr. 19, 2012).  The doctrine, therefore, is inapplicable, and the Court has jurisdiction over this case.

The R&R also found that the prior exclusive jurisdiction doctrine is inapplicable here.  (*See* R&R at 22-24.)  Plaintiffs object to the R&R's conclusion that a state eviction action is not a concurrent proceeding for the purposes of the prior exclusive jurisdiction doctrine.  Because the Court finds that a state eviction action is *in personam*, whether it is a concurrent action is moot, and Plaintiffs' objections will be overruled.

Plaintiffs also move this Court to certify the question of whether an eviction proceeding is *in rem* to the Minnesota Supreme Court.  "Whether a federal court should certify a question to a state court is a matter of discretion."  *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991).  The Court finds that the character of an eviction action has been long-settled under Minnesota law.  *See, e.g.*, *Curran v. Nash*, 29 N.W.2d 436, 438 (Minn. 1947); *Whalley v. Eldridge*, 24 Minn. 358, 361 (1877) ("But an action to foreclose is not an action *in rem*.  It is true the action has specific property for its subject or object.  So has the action of ejectment . . . .  But this does not make them actions *in rem*.").  Because the issue in this case is not close enough to justify certification, Plaintiffs' motion to certify will be denied.

### B.    Fraudulent Joinder

Plaintiffs further object to this Court's exercise of jurisdiction because they claim the R&R incorrectly concluded that Peterson was fraudulently joined.  In general, for a removed action, complete diversity must exist when the state complaint and the petition for removal are filed.  *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir.

2011).   Application of this rule here would mean the Court did not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because at the time of filing and removal, Peterson's citizenship destroyed diversity.   The fraudulent-joinder exception, however, prevents a plaintiff from defeating a defendant's right of removal by fraudulently joining a plaintiff. *Knudson*, 634 F.3d at 976.

"[T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant . . . a defendant seeking removal [must] prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'"   *Id.* at 977 (citation omitted).   "Fraudulent joinder exists if, on the face of plaintiff's **state court pleadings**, no cause of action lies against the resident defendant."   *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (emphasis added). The R&R concluded that in their original Complaint Plaintiffs failed to state a cause of action against Peterson because each claim was precluded by applicable state precedent, *see Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003), and Plaintiffs did not specifically object to this determination except for the slander of title claim.[8]   The Court concludes that Plaintiffs' slander of title claim against Peterson is futile because it is premised on a show-me-the-note theory.   *See Blaylock*, 2012 WL 2529197, at *6 (noting deficiencies in a similar slander of title claim); *see also Dunbar*, 2012 WL 1110161, at *6; *Karnatchva v. JPMorgan Chase Bank, N.A.*, No. 11-3452, 2012 WL 1657531, at *5-6 (D. Minn.

---

[8] The Court finds that Plaintiffs have failed to make a specific objection to the finding that they did not allege colorable claims of conversion, fraud, misrepresentation, and slander of title.  Moreover, the courts of this district have addressed these issues repeatedly, and this Court declines to address them again.

May 11, 2012).[9]  Because all claims against Peterson have no reasonable basis in fact or law, the Court concludes that Peterson was fraudulently joined.  Without Peterson – whose citizenship may be disregarded – the Court has diversity jurisdiction over this action pursuant to § 1332.  Because jurisdiction is proper, Plaintiffs' remand motion will be denied.

## II.    MOTIONS TO DISMISS

### A.    Standard of Review

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed.  *Id.* (internal quotation marks omitted).  Finally, Rule

---

[9] In contrast to *Mutua v. Deutsch Bank Nat'l Trust Co.*, the Court can discern no "unusually problematic chain of title".  No. 11-3761, 2012 WL 1517241, at *7 (D. Minn. Apr. 30, 2012).

12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law."
*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).


      **B.**      **Defendants' Motion to Dismiss**

Defendants move to dismiss all of Plaintiffs' claims against them because Plaintiffs do not state a claim that is plausible on its face.  The R&R recommended granting both motions.  Plaintiffs specifically object that they have pled a viable slander of title claim against Peterson and quiet title claims against the Foreclosing Defendants. As noted, *supra*, Plaintiffs have not pled a viable slander of title claim against Peterson, and so Peterson's motion to dismiss will be granted.

Plaintiffs argue that their quiet title claim is adequately pled (because they have pled possession by the plaintiff and a claim adverse to him by the defendants) and is not dependent on a show-me-the-note theory.  But Plaintiffs' claim (*see* Compl. ¶¶ 58-60) is nothing more than a restatement of the claim that a mortgagee must hold the note for the mortgage to be valid or − to the extent Plaintiffs list reasons the mortgages might be invalid (Compl. ¶ 60) − an unsupported "'shot in the dark' allegation[.]"  *See Blaylock*, 2012 WL 2529197, at *5; *Robinson v. Bank of Am., N.A.*, No. 11-2284, 2012 WL 2885128, at *9 n.11 (D. Minn. May 31, 2012) ("Plaintiffs' assertion that they have stated a claim for quiet title merely by alleging that they are in possession and that the foreclosing party does not have possession of the promissory note or is not entitled to enforce the note is just as frivolous as any other claim that is premised on the show-me-the-note theory.") (internal quotation marks omitted), *report and recommendation*

*adopted*, 2012 WL 2885477 (D. Minn. July 13, 2012). The Court adopts the R&R's analysis (at 26-28) on this point, and the Foreclosing Defendants' motion to dismiss will be granted.

## III.   PLAINTIFFS' MOTION TO AMEND

The Court finds that the Plaintiffs' motion to amend should be denied because it is brought in bad faith. Rule 15 allows a party to amend with the Court's consent, Fed. R. Civ. P. 15(a), and a "court abuses its discretion when it denies a motion to amend a complaint unless there exists . . . bad faith . . . or futility of amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). First, Plaintiffs attempt to use their Amended Complaint to state entirely new theories of liability – a practice that is consistent with their attempt to prolong this and related cases as long as possible. Second, to the extent Plaintiffs contend that they needed to amend in order to comply with the holdings in *Jackson* and *Stein*, the Court is nonplussed. Plaintiffs are represented by the same counsel – Butler – who represented appellants in *Stein v. Chase Home Fin., LLC,* 662 F.3d 976, 980 (8th Cir. 2011). Given Butler's experience with this Court, the likely futility of his proposed amendments (discussed in the R&R), and the Court's inability to identify a good faith reason for the amendment, the Court refuses to needlessly prolong this litigation. Plaintiffs' motion to amend will be denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the plaintiffs' objections [Docket No. 69] and **ADOPTS as**

**modified above** the Report and Recommendation of the Magistrate Judge dated July 3, 2012 [Docket No. 68]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Peterson, Fram & Bergman, P.A.'s Motion to Dismiss [Docket No. 7] is **GRANTED**, and all claims against them are **DISMISSED WITH PREJUDICE**.

2.     Defendants Bank of America, N.A.; Bac Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; Wells Fargo Bank, N.A.; and The Bank Of New York Mellon's Motion to Dismiss [Docket No. 12] is **GRANTED**, and all claims against them are **DISMISSED WITH PREJUDICE**.

3.     Plaintiffs' Motion to Remand [Docket No. 23] is **DENIED**.

4.     Plaintiffs' Motion to Amend [Docket No. 31] is **DENIED**.

5.     Peterson, Fram & Bergman, P.A.'s Motion for Joinder in Supplemental Briefing Regarding Multiple Pending Motions [Docket No. 44] is **GRANTED**.

6.     Peterson, Fram & Bergman, P.A.'s Motion for Joinder in Bank Defendants' Motion to Certify Question [Docket No. 67] is **GRANTED**.

7.     Peterson, Fram & Bergman, P.A.'s Motion for Joinder in Bank Defendants' Response to Objections [Docket No. 72] is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Motion to Certify Question [Docket No. 50] is **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  August 17, 2012                          _s/ John M. Tunheim_
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                             United States District Judge